■ FRANK VACCARO, as Father and Natural Guardian of ANNA M. VACCARO, et al., Respondents, v BOULEVARD HOSPITAL, Appellant, et al., Defendant.—In a medical malpractice action, the defendant hospital appeals from an order of the Supreme Court, Queens County, dated June 20, 1979, which denied its motion for summary judgment dismissing the derivative causes of action asserted by the infant plaintiff's parents. The appeal brings up for review so much of a further order of the same court, dated October 2, 1979, as, upon reargument, adhered to the original determination. Appeal from the order dated June 20, 1979 dismissed as academic. That order was superseded by the order granting reargument. Order dated October 2, 1979, affirmed insofar as reviewed. No opinion. Plaintiffs are awarded one bill of $50 costs and disbursements. Mollen, P. J., Titone, Martuscello and O'Connor, JJ., concur.

■ MICHAEL WELT et al., Appellants, v TOWN OF ISLIP et al., Respondents.—In an action to declare article VA of the Code of the Town of Islip unconstitutional insofar as it applies to plaintiffs' property (consisting of two lots owned by plaintiff Michael Welt and one lot owned by plaintiff Elizabeth Welt), for a permanent injunction and to review a determination of the Town Board of the Town of Islip denying the application of plaintiff Elizabeth Welt for a special permit, plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County, entered February 21, 1980, as, upon granting relief to Elizabeth Welt on plaintiffs' motion for summary judgment on the first cause of action (for declaratory relief and a permanent injunction), denied similar relief to plaintiff Michael Welt. Order and judgment reversed insofar as appealed from, on the law, with $50 costs and disbursements, the provisions denying the motion as to Michael Welt are deleted therefrom, summary judgment on the first cause of action is granted as to the lots owned by Michael Welt and the ordinance is declared unconstitutional with respect to those lots. Special Term's reasons for granting summary judgment to Elizabeth Welt with respect to her lot, No. 30, were equally applicable to Michael Welt's lots, Nos. 28 and 29. The ordinance permitted erection only of an elevated pedestrian dune crossing or an approved fence. The ordinance was confiscatory and unconstitutional as to Lots Nos. 28 and 29, as well as to Lot No. 30. (See *Matter of Grimpel Assoc. v Cohalan,* 41 NY2d 431; *Matter of Lemp v Town Bd. of Town of Islip,* 90 Misc 2d 360.) The ordinance's special permit provision did not change that fact because the ordinance misuses the concept of a special permit exception. (See *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238.) Under the circumstances, Michael Welt was not required to apply for such a permit prior to bringing suit. (See *Matter of Grimpel Assoc. v Cohalan, supra.)* Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.