OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We agree with both courts below that section 68-59.1 of the Town Code of the Town of Islip (commonly known as the “Dune District” ordinance) is unconstitutional as applied to this plaintiff’s property. The operative provision of the code, applicable to the Dune District in which plaintiff’s lot is located, is the following: “No structure shall be erected or used or occupied by any person except as an elevated pedestrian dune crossing or a fence of a type approved by the Town of Islip which is designed to hold or increase the dune.”
A house had been constructed on plaintiff’s premises in 1958 where it remained until it was washed out to sea by a violent storm on February 6, 1978. When plaintiff applied for a building permit to rebuild her house she was confronted with the Dune District ordinance. Her application was denied and this action ensued.
*1007 The town has tendered no proof in evidentiary form sufficient to require a trial with respect to the determination of both courts below that the restriction of construction on plaintiff’s property to “an elevated pedestrian dune crossing” or “a fence of a type approved by the Town of Islip which is designed to hold or increase the dune”, deprives plaintiff of all practical use of her property to which it is reasonably adapted. The restriction is, therefore, confiscatory and thus would work such a substantial deprivation of plaintiff’s use of her property, without just compensation, as to violate the due process clauses of our Federal and State.Constitutions (Arverne Bay Constr. Co. v Thatcher, 278 NY 222; Welt v Town of Islip, 78 AD2d 638). The fact that the United States Department of the Interior offered plaintiff $17,500 for her property in 1978 (in contemplation of projected condemnation which never materialized) after her dwelling had been destroyed and after the enactment of the Dune District ordinance does not require a different conclusion. That the Federal Government might at one time have been willing to pay this amount for the property does not overcome the very, narrowly restricted uses to which the land might be put under the ordinance.
The issue is not whether the town may constitutionally so restrict plaintiff’s land “to preserve the ecology of the dunes and grasses and by doing so to safeguard life and property”, but whether it can do so without according plaintiff just compensation. We agree that it cannot.
On the record there has been no tender of proof in evidentiary form that there has been a change in the high water mark that would provide a predicate for the town’s jus publicum argument.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.